UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| A.V. BARNETT<br>    LA. DOC #125936<br>VS. | CIVIL ACTION NO. 3:14-cv-3238<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| STATE OF LOUISIANA | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Pro se petitioner A.V. Barnett, proceeding *in forma pauperis*, filed the instant petition for writ of mandamus pursuant to 28 U.S.C. §1361 on November 5, 2014. Petitioner is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola. He filed the instant pleading ostensibly seeking mandamus relief in the form of an order directing Louisiana's Fourth Judicial District Court to produce proof that the indictment charging him with one count of second degree murder and one count of attempted second degree murder was returned in open court; however, he prays for his "immediate release from his unlawful illegal custody". This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED.**

*Statement of the Case*

Petitioner was found guilty as charged of one count of second degree murder and one count of attempted second degree murder following trial by jury in the Fourth Judicial District Court, Morehouse Parish. He was sentenced to serve life plus 50 years. His convictions and

sentences were affirmed on direct appeal. *State of Louisiana v. A.V. Barnett*, 46,303 (La. App. 2 Cir. 5/18/2011), 70 So.3d 1, *writ denied*, 2011-1612 (La. 4/13/2012), 85 So.3d 1239.

On some unspecified date petitioner filed pleadings in the Fourth Judicial District Court seeking production of "documents showing the return of a grand jury indictment against Barnett in open court in Morehouse Parish." The requested documents were apparently produced; however, petitioner was not satisfied with the return on his motion and sought writs in the Second Circuit Court of Appeal. On April 11, 2014, the Court of Appeal denied his writ finding that petitioner "has already received copies of the grand jury indictment and minutes of the Fourth Judicial District Court for Morehouse Parish, showing that the indictment was filed into the record in open court on June 12, 2006." *See State of Louisiana v. A.V. Barnett*, No. 49,293-KH at Doc. 1-3, pp. 10-11. His subsequent writ application to the Louisiana Supreme Court was denied on October 10, 2014 as moot because "[t]he district court has acted." *State of Louisiana ex rel. A.V. Barnett v. State of Louisiana*, 2014-0307 (La. 10/10/2014), 150 So.3d 898. [See also Doc. 1-3, p. 12]

*Law and Analysis*

Petitioner invokes the jurisdiction of this Court citing 28 U.S.C. §1361 which states, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." Plaintiff has named the State of Louisiana as defendant/respondent. Obviously, the State of Louisiana is not "...an officer or employee of the United States or any agency thereof..." Further, to the extent that petitioner seeks an order compelling the Fourth Judicial District Court, the Second Circuit Court of Appeals, or the Louisiana Supreme Court to

provide documents or to release him, those entities are also no officers or employees or agencies of the United States. As noted in the jurisprudence interpreting the statue – "... a federal district court is not authorized to grant relief in the nature of *mandamus* relief to direct state officials in the performance of their duties and functions." *See Emerson v. Owens*, 472 Fed. Appx. 308 (5th Cir. 2012), citing, *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir.1973); see also *Nabelek v. Collins*, 48 Fed.Appx. 104 (5th Cir.2002).  In other words, this Court lacks jurisdiction to order mandamus relief.

Further, to the extent that petitioner demands his immediate release from custody, such relief, if available at all, is available through a petition for writ of habeas corpus, and, since petitioner is in custody pursuant to the judgment of a State court, petitioner's remedy is a petition for habeas corpus filed pursuant to 28 U.S.C. §2254.  Petitioner may file such a petition in this Court, but he must first exhaust available State court remedies by raising his Constitutional claims in the proper manner before the Courts of Louisiana. See 28 U.S.C. §2254(b)(1)(A) and (B).

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** the instant petition for writ of mandamus be **DISMISSED WITH PREJUDICE** for lack of jurisdiction, and **WITHOUT PREJUDICE** to petitioner's right to seek habeas corpus relief pursuant to 28 U.S.C. §2254.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, January 9, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**